By thi? Court.
 

 Appellant contends that “there was no allegation * * *■ that the cause of action for breach of promise of marriage was accompanied by seduction”; that there was no proof or claim of seduction; that a judgment for breach of contract to marry is a dischargeable debt and is unqualifiedly released by a discharge in bankruptcy unless there is seduction in connection with the breach of promise of marriage; that a debt based on a breach of contract to marry does not come within the provision of Section 17 of the Bankruptcy Act as a liability for wilful and malicious injury to the person or property of another; and that the trial court “made an improper and unlawful interpretation of the Bankruptcy Act in its effort to decree and declare that the plaintiff’s judgment was not in fact discharged.”
 

 The record before this court does not contain a transcript of any testimony. There is, however, a “stipulated defendant’s bill of exceptions” which was not signed or approved by the trial judge.
 

 There is no evidence in the record to show that the judgment debtor ever filed a petition in bankruptcy, that he ever listed the breach-of-promise judgment in his schedule of debts, or that he was ever declared a bankrupt or discharged in bankruptcy. Therefore, the matter of a bankruptcy proceeding was not before the Court of Appeals and is not now properly before this court.
 

 The motion to dismiss the appeal is sustained and the appeal is dismissed for failure to file a bill of ex
 
 *19
 
 ceptions as required by Section 11564, General Code.
 
 Black et al., Exrs.,
 
 v. Wolfe,
 
 Aud.,
 
 141 Ohio St., 465, 48 N. E. (2d), 897.
 

 Appeal dismissed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.